UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Zhiwar Ismail, | No. 25-cv-3436 (KMM/EMB) |
| Plaintiff, | |
| v. | **ORDER** |
| Clay County Jail, | |
| Defendant. | |

---

Plaintiff Zhiwar Ismail brought this action against Defendant Clay County Jail, where he is incarcerated, alleging that conditions at the jail violated his constitutional rights. (Dkt. No. 1.)

On October 2, 2025, United States Magistrate Judge Elsa M. Bullard recommended that the Court dismiss Mr. Ismail's Complaint without prejudice because the jail "is not a legal entity amenable to suit." (Dkt. No. 7 at 2.) Judge Bullard also concluded that, "even if [Mr. Ismail] had named an appropriate defendant to this action, the allegations raised in the complaint would be too cursory to establish a plausible entitlement to relief." (*Id.* at 3.) Finally, Judge Bullard recommended denying Mr. Ismail's pending Application to Proceed *In Forma Pauperis* ("IFP application") (Dkt. No. 6). Mr. Ismail did not file any objections to the Report and Recommendation.

The Court reviews an unobjected-to report and recommendation for clear error. *Nur v. Olmsted Cnty.*, 563 F. Supp. 3d 946, 949 (D. Minn. 2021) (citing Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam)). District courts "may

1

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

The Court agrees that the jail cannot be sued. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (citing *De La Garza v. Kandiyohi Cnty. Jail*, 18 Fed. App'x 436, 437 (8th Cir. 2001)) (stating that "county jails are not legal entities amenable to suit"). This error is fatal to Mr. Ismail's claims, and the Court therefore dismisses the Complaint. And, because Mr. Ismail's Complaint is dismissed, his IFP application is denied.[1] *See Moore v. U.S. Bank Nat'l Assoc.*, No. 23-cv-0908 (WMW/LIB), 2023 WL 3025004, at *1 (D. Minn. Apr. 20, 2023) (citing 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (per curiam)) ("An IFP application will be denied . . . when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.").

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**:

1. The October 2, 2025 Report and Recommendation (Dkt. No. 7) is **ACCEPTED**.
2. Mr. Ismail's Complaint is **DISMISSED without prejudice**.
3. Mr. Ismail's Application to Proceed *In Forma Pauperis* is **DENIED**.

---

[1] Judge Bullard previously warned Mr. Ismail that he "should consider carefully" whether to proceed because his Complaint would not survive review for the reasons she included in her Report and Recommendation, and, if so, his IFP application would be denied. (Dkt. No. 3 at 2.) Nevertheless, Mr. Ismail did not amend his Complaint or file objections to the Report and Recommendation.

**Let Judgment be entered accordingly.**

Date: December 16, 2025            *s/Katherine Menendez*
                                    Katherine Menendez
                                    United States District Judge

3